**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000730
28-FEB-2024
07:46 AM
Dkt. 75 SO**

NO. CAAP-18-0000730

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DAMIAN LOO, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CPC-17-0000312)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellant Damian **Loo** appeals from the
Circuit Court of the Fifth Circuit's August 30, 2018 Notice of
Entry of Judgment of Conviction and Sentence, convicting him of
Harassment by Stalking, in violation of Hawaiʻi Revised Statutes
(**HRS**) § 711-1106.5(1) (2014), and Use of a Computer in the
Commission of a Separate Crime Relating to Harassment by
Stalking, in violation of HRS § 708-893(1)(h) (Supp. 2016).[1]  The

---

[1]  The Honorable Randal G.B. Valenciano presided.

circuit court sentenced Loo to one-year and four-year terms of probation, respectively.

On appeal, Loo challenges the constitutionality of the Harassment by Stalking statute, the sufficiency of the evidence, and the denial of his motion to dismiss.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve Loo's points of error as discussed below, and affirm.

**(1)** Loo first contends the Harassment by Stalking Statute "is unconstitutionally void for vagueness due to its failure to specifically define the term 'surveillance.'"

Contrary to Loo's contention, the absence of a statutory definition for surveillance does not render the Harassment by Stalking statute vague. HRS § 711-1106.5 provides in relevant part as follows:

> A person commits the offense of harassment by stalking if, with intent to harass, annoy, or alarm another person, or in reckless disregard of the risk thereof, that person engages in a course of conduct involving pursuit, surveillance, or nonconsensual contact upon the other person on more than one occasion without legitimate purpose.

(Emphasis added.) Surveillance is defined in the dictionary as "close watch kept over someone or something (as by a detective)." Merriam-Webster, Surveillance Definition & Meaning, Merriam-Webster Online Dictionary (2024),

2

https://www.merriam-webster.com/dictionary/surveillance
[https://perma.cc/GE5N-49TU].

By applying the common meaning of surveillance, a person of ordinary intelligence would know that he or she is prohibited from engaging in a course of conduct involving closely watching over someone "on more than one occasion without legitimate purpose" "in reckless disregard of the risk" of harassing, annoying, or alarming that person. HRS § 711-1106.5. See State v. Alangcas, 134 Hawaiʻi 515, 530, 345 P.3d 181, 196 (2015) (explaining the test for determining whether a statute is vague). Moreover, the same analysis shows "there is no concern of arbitrary or subjective police enforcement." Id. at 535, 345 P.3d at 201.

Thus, the lack of a statutory definition for the term "surveillance" does not render HRS § 711-1106.5 unconstitutional.

**(2)** Loo next contends "[t]here was no substantial evidence to support [his] conviction for harassment by stalking."

The charging instrument asserted Loo, "in reckless disregard of the risk of harassing, annoying, or alarming, [the female employee], did engage in a course of conduct involving surveillance upon [the female employee] on more than one occasion without legitimate purpose[.]"

3

Kauaʻi Police Department (**KPD**) Sergeant Scott Williamson (**Sgt. Williamson**) testified the surveillance camera that feeds Channel 1 monitors "the entrance to the cellblock, where the vehicles would pull up, the officer would wave their badge, and it would open the gate for them to pull in with prisoners." One day, Sgt. Williamson and KPD Sergeant Ginny Pia (**Sgt. Pia**) noticed the camera move and focus on a parking stall assigned to a particular female employee. The Channel 1 camera focused on the empty parking stall for about eight minutes until that female employee arrived. Sgts. Williamson and Pia then observed Loo in real time use the camera to zoom in and track the female employee as she walked from her car to the entry door. When she entered the building, the camera was returned to "its normally assigned position."

Sgt. Williamson then reviewed the available video footage saved on the system, and determined Loo used the Channel 1 camera to monitor the same female employee in a similar manner on eleven separate occasions – March 22, 2017; March 23, 2017; March 24, 2017; March 28, 2017; March 29, 2017; March 30, 2017; March 31, 2017; April 4, 2017; April 6, 2017; April 7, 2017; and April 13, 2017.

Evidence at trial also showed Loo admitted he had no legitimate purpose in zooming in and watching the female employee. Loo further admitted that he could understand why the

4

female employee would be "alarmed" upon learning his actions. The female employee testified she felt "shocked," "alarmed," and "scared" when learning of Loo's actions.

Viewing this evidence in the light most favorable to the State, there was substantial evidence to support the jury's conclusion that Loo, "in reckless disregard of the risk of harassing, annoying, or alarming, [the female employee], did engage in a course of conduct involving surveillance upon [the female employee] on more than one occasion without legitimate purpose[.]"  See State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (providing the standard of review for sufficiency of the evidence); State v. Batson, 73 Haw. 236, 254, 831 P.2d 924, 934 (1992) (explaining that "[g]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, we have consistently held that proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient[.]") (cleaned up).

**(3)** Finally, Loo contends the circuit court erred in denying his motion to dismiss the Harassment by Stalking charge as a de minimus infraction under HRS § 702-236(1) (2014).

HRS § 702-236(1) provides:

> (1) The court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct:

> (a) Was within a customary license or tolerance, which was not expressly refused by the person whose interest was infringed and which is not inconsistent with the purpose of the law defining the offense;
>
> (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
>
> (c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the legislature in forbidding the offense.

Prior to trial, Loo moved to dismiss the charge as a de minimis infraction, and during a hearing on the motion, Loo argued in part that "the alleged facts is somebody was walking by and he watched her on a camera in a public area without her knowing, never told her." The circuit court denied the motion, concluding Loo "failed to show why his conduct did not cause or threaten the harm or evil sought to be prevented by [HRS § ]711-1106.5" and "failed to present evidence of" the factors in State v. Rapozo, 123 Hawaiʻi 329, 344, 235 P.3d 325, 340 (2010).

During closing arguments, Loo renewed his motion to dismiss the charge as a de minimus infraction, incorporating his prior arguments. The circuit court again denied the motion.

That Loo secretly monitored the female employee, or that it was in an area where other employees parked, did not render his conduct a de minimis infraction. After reviewing Loo's arguments to the circuit court and the evidence adduced at trial, we cannot say that the circuit court "clearly exceeded the bounds of reason or disregarded rules or principles of law"

in this case.  <u>Rapozo</u>, 123 Hawaiʻi at 336, 235 P.3d at 332 (citation omitted).

Based on the foregoing, we affirm the circuit court's August 30, 2018 Notice of Entry of Judgment of Conviction and Sentence.

DATED:  Honolulu, Hawaiʻi, February 28, 2024.

| On the briefs: | /s/ Katherine G. Leonard<br>Acting Chief Judge |
|---|---|
| Thomas M. Otake,<br>for Defendant-Appellant. | /s/ Keith K. Hiraoka<br>Associate Judge |
| Michelle M.L. Puu,<br>Deputy Attorney General,<br>for Plaintiff-Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |